Doris D'Astacio, et al. v. The City of New York Thank you, Carter. Good morning, your honors, and may it please the court. My name is Meryl Fisch. I represent the plaintiff's appellants. This case is not about the housing company's violations of the Mitchell-Lama rules, but about the city's inaction and failures in managing and overseeing the Mitchell-Lama waiting lists to ensure that those who should have been next in line to receive an offer of a unit, of an affordable housing unit, did in fact receive that. The complaint alleged a 1983 procedural due process claim against the city, given its policy and practice of deliberate indifference to known pervasive violations of the Mitchell-Lama rules, specifically as it pertained to offering units to those who should have been next in line to receive them. And this caused plaintiffs to be removed from their respective waiting lists without notice, an opportunity to be heard, which deprived them of their property interest in the rightful place on the list, and ultimately to the affordable housing unit they would have been offered once they reached the top. I understand your theory that we're really focused on the city's conduct here, as it relates to the conduct of the housing folks. In order to get to the city under Monell, you need some sort of deliberate policy choice by the policymaking body of the city, or a custom that's so deeply ingrained. Can you point me to sort of the action that is the nut of your claim against the city? Absolutely. I just want to clarify one issue, Judge. A deliberate action is not required if the policy alleged is one of deliberate indifference, which is where the policymaking officials are aware of a constitutional injury or a risk of the constitutional injury, but they fail to take appropriate action to prevent it or sanction the violations. In this case, the state comptroller conducted several audits spanning from 2002 until 2014, the final one issued in 2015, focusing specifically on the city's failures, the city's mismanagement with respect to the Mitchell-Lama lists, while obviously it implicated the housing companies and the managing agents, as they are the ones who ultimately remove the plaintiffs from the list. The focus of the audits was on the city's failures, the city's insufficiencies, and the recommendations were directed to the city. So can you point me to the conclusions within those audits that are sort of the ones you're most heavily relying on as the pointed delivery of information to the city that tells them that there are widespread due process violations, assuming due process protects this, widespread due process violations as it relates to the tenants in these facilities? Absolutely. The 2008 audit specifically concluded that HPD's monitoring and supervision of the award transfer succession and subsequent retention of apartments at Mitchell-Lama Developments, and this is a quote, does not provide sufficient assurance that the housing companies consistently comply with the Mitchell-Lama rules, therefore, and this is really the key, there is a greater than reasonable risk that improprieties and irregularities in the granting and occupancy of apartments at Mitchell-Lama Developments could occur and go undetected and uncorrected. Now is that enough? I mean, the city didn't cause the injury, the city failed to properly supervise. Is that enough to bring this in? Absolutely. Absolutely. Because as a separate issue that's also addressed, whether the placement on the waiting list is a property interest, and assuming it is a property interest, which I can get to in a bit, but assuming it's a property interest. When cases say that just because the state or state agency authorizes the general program or regulates it, that that's not enough if the conduct is the conduct of a private entity? The cases do hold that, however, and that's really where the issue with respect to this district court's decision. I mean, is there a case that says the failure to properly oversee these housing procedures would indeed be enough to be a deliberate policy, deeply ingrained, all of that? The answer to that is multifaceted, and if I can explain the different points. First, this is not an allegation of just general oversight, and the cases which the district court relied on found that general oversight was not sufficient because the city's oversight generally was not related to the specific action complained of. Every case the court relied on held that with respect to determining if this falls under the state action test, you have to look at the specific... So you agree that general oversight is not enough.  What do we have here that's more than general oversight? Here the city dictated every detail pertaining to the Mitchell-Lama waiting lists, form, content. They have to approve opening the list, closing the list. They can close the list on their own. How to get on the list, the order in which... That's a joint action argument, right? Yes. So that's an argument about state action. Yes. The plaintiff's claim is based on deliberate indifference, but given that the housing companies are the ones who did the act of removal, to hold the city liable, that implicates the state action test. In this case, the joint action, the specific joint action test. There are several, this one specifically under joint action, but to continue with the specific involvement of the city as to these specific violations, the city determines in what order applicants are listed, to whom an offer can be made. There's a list of priorities. The city dictates all these rules and sets up all these rules, but then the housing companies apparently are not following them. Yes.  Is that the scenario? Yes. However, this court... So it's not that the city is part of that misconduct. It's a failure to oversee or to supervise that conduct, it sounds like. Not exactly. It's their deliberate indifference to a known constitutional violation where they have duties specific to the waiting list. It's not like some of these other cases where the city was just involved in general regulation funding oversight. They have duties as to the waiting lists. They have to approve every applicant. If an applicant is rejected, the applicant appeals to the city. The city is the one with the ultimate determination, not a single case cited either by the district court or by the city addressed the city's involvement with the specific action alleged as opposed to general. For example, the court relies on... My apologies. No, before I get to that, I want to, Judge Chin, I just want to answer the remainder of the question because as I indicated, this is multifaceted. This court in 1993 in Shanby City of New York applied the state action tests to hold in that case the city and HPV specifically responsible where a private company was the one who inflicted the constitutional injury. That's Shanby City of New York. They're the employees of a private company which contracted with HPV, underpaid the employees lower than the federal minimum wage. In that case, the court reasoned, as I'm recalling it, that the city had specific requirements for those contracts that it was imposing that essentially forced a successful bidder to violate the federal law and so that supplied the state action because it wasn't just that the city was essentially failing to enforce, it was the moving force behind the violation. Isn't that a different scenario? That's correct. That implicated the compulsion coercion test which is just another test under the general state action test. Joint action is one. That's the one plaintiffs are relying on here. That one was another one, the compulsion coercion test, but it all falls under that same umbrella are the actions of the city involved... Is the city involved in the specific actions that the plaintiff complains about? There are different tests. There are three generally that courts have adopted. The compulsion under Chan is one. Here it's the joint action, but it all comes down to the same principle. The city was specifically involved in the challenge action. With respect to the placement on the waiting lists... Oh, I see that my time is out. Yeah, we're going to have an opportunity to hear from you again, so maybe have a seat and we'll hear from your counterpart and then come back. Attorney Lawless. Good morning, your honors. May it please the court, Diana Lawless, on behalf of the appellees, the city of New York and its agency, HPD. The district court was right that the plaintiffs failed to adequately allege the city deprived of procedural due process, right? My adversary says the question is whether the city was involved in the specific actions at issue. The city was not. It was private housing companies that are part of a state program that's managed in the city and regulated in the city by the city of New York. If we look at it from the state action, there has to be an underlying injury that has to be caused by the municipality, has to be caused by the government actor. It has to be by something that's done by the state or a person from the state's responsible. Going to what Judge Chin was talking about, this really amounts to, I think, what the Supreme Court in Lugar has said is a private misuse of the state statute. If there's a private misuse of the state statute and there's a regulation and somebody's not following it, that is not attributable to the government itself. The deliberate indifference kind of framework, it's creative because that is state action. I think the question is whether, sort of how to think about where the deliberate indifference action claim fails if it does. I find it difficult to just say on state action it fails, although it does seem a circumvention of what might otherwise be insufficient to allege joint action. How do you think about that? Do you think, yes, the deliberate indifference claim makes out state action, but it fails because it's not a moving force or it doesn't meet the deliberate indifference standard or there's not a policy under Monell? I think it has to do with it's not a moving force. It has to do with whether it is something that is a moving force and a constitutional violation. It has to be that it's not just the city's oversight. All that happened here was they're saying that the city manages regulations. The city did not do a good job of it. Even though the regulations accounted for all the conduct that was supposed to happen and the housing companies violated it, the city's deliberate indifference came from the city was not working hard enough to force them to do things. So that sees it as failing to state a claim of deliberate indifference, not an absence of state action. Fair to say. I would say that has to do with deliberate indifference. You would say what? I think that has to do with deliberate indifference. You still have to be the moving force of the injury. The injury has to be a conscious choice not to address the issue. There's no allegations here that there was a conscious choice that the city was like, we are going to just not enforce Mitchell-Lama regulations. Here are all these reports. Here are all these audits that happened by even the city controller, even the arm of the city. It's like you're not doing enough. You're not doing enough to make sure that these private actors are doing what they need to be doing. I think the Supreme Court in the city of Canton has said if there was a better regulatory approach, a better approach that the city or the municipality could have taken, that's not enough because it's not deliberate indifference to the rights here. In fact, and it kind of goes back to the state action, the city set up a system in its rules and regulations that provided due process, and my adversary doesn't dispute that. It's just that at the beginning of the process, they said they weren't told in the proper way to start this process. Is it true that they don't dispute that? I thought I understood at least one strand of the argument to say that due process requires pre-deprivation notice, and the regulations that were set up by the city don't require pre-deprivation notice and are thus inadequate to protect the procedural due process rights assuming that those exist. Isn't that an action of the city that we can review directly without getting caught up in the state action issues? On the merits of whether or not there's a procedural due process, like whether or not the city provided adequate process? Why isn't it a viable claim to say procedural due process requires pre-deprivation notice? It's the city that set up the entire regulatory regime for depriving people or choosing who gets the next apartment. The city didn't provide for pre-deprivation notice. Its regulations are unconstitutional, and that's a hook for our claims. I guess I would just have to fight the fact about whether they're saying that there has to be pre-deprivation notice. I read their claims to say that there had to be notice of removal, and that notice had to come from the city rather than the housing company because the rules do provide that notice of removal has to come from a housing company. I don't know if they're actual allegations regarding how the Matthews versus Eldridge balancing test would apply and what process they believed was due instead has to do with the rules being inadequate to notice you for removal. Also, by the way, you also write the premise, and we're going to talk about that. The premise is that you have to have adequate notice and opportunity to respond. All these lists are maintained and available in the buildings, so it's not that a list is maintained privately and there's no way to know about this. You could find out about removal from a list, which is what the allegation ... Well, short of going out and looking at the list, does the housing company give notice before they take someone off the list? I mean, I have not read their complaint to say that there had to be a hearing. We know that there's limited hearings under the Matthews versus Eldridge balancing test. Well, I was going to ask you about a hearing. Do you know whether the housing company is required to say to someone, before they take the person off the list, we're going to take you off the list. Tell us why we shouldn't. I mean, I read everything as post deprivation, which is that you are noticed that you have been removed, and you have an opportunity to tell the housing company, and then if you disagree with the housing company's determination ... Do an article 78 and all that. Well, that's when you go to get HPD involved, you get the city involved then. So we would argue in this case that the interest is not high enough that there would have to be a pre-deprivation injury, and there are adequate post deprivation processes. But I think it's just hard to say that because the city ... I think this claim amounts to because the city is the regulator and the city's not doing its job, that the city is liable when there are processes in place, when it's just, as in many other areas, regulating private companies. The private companies have to work within a regulatory framework, and then ... I mean, you don't even have to get a specific letter, right? You could have found out, I understand what Your Honor said about going to the building in itself, it's kind of a burden for people to do. You could go to the housing company or to HPD and say, hey, you removed me from this waiting list, and the regulations allow you seven years from the date of your application to have that amended. And then HPD's regulations also say that HPD can waive the time requirements. So there are available remedies if you feel that you were removed improperly from the waiting list. I don't think they allege deliberate indifference when all these regulations are in place. You know, one of the things about this, all these arguments kind of fold into each other. And so when we're talking about due process, typically things administered by private entities aren't subject to sort of the requirements of due process to begin with. And so I'm trying to figure out whether the due process analysis necessarily brings us right back to the state action analysis. I think it does. I think it does because it's really the bragging of the claim. There was one district court that found, it was the district court in Wood, where the city can't be liable in the bragging of the claims, the housing company's reported failure to adhere to HPD's policy. And because this is a government benefit at issue, that's why there are procedures. If you believe that you were denied, like in many of these housing programs, you can go to the government, who is the regulator, and complain that you were denied this benefit that's gone through the private company and the private people are managing. So it's to hold the city responsible for the housing company's error when there is this entire framework in place that allows you to come to HPD and allows you to come to the housing company when you believe you were not given the benefit. It just would contravene, I think, in this specific case, the private sector's intent of the legislature for the private sector to improve the housing conditions and for the city to just be a conduit and a regulator for what is essentially a private program. And one thing that I do also want to touch on, which I don't know maybe make this all easier, is if we look at whether they have a protected property interest in obtaining Mitchell-Lama housing, I believe that this is a case where it's just an actionable unilateral expectation of receiving a benefit. On two separate grounds, these plaintiffs themselves have never alleged that they met the eligibility criteria for the apartments or ever did so, so I don't think they can allege that they have an expectation of Mitchell-Lama housing. And then I think when you look at the Mitchell-Lama housing program, how other public benefit programs have been analyzed, the housing companies here have some discretion to select which applications are granted. Can I go back to the prior point? I'm sorry, I'm operating more slowly than you're speaking.  I'm sorry. No, that's okay. But the eligibility, isn't that really determined at the time when you come to the top of the list? And so they wouldn't be able, it wouldn't be relevant as to whether they're eligible at the time that they initiate the lawsuit. They have a right to be on the list and be advanced properly up until the moment that their name comes up. And at that point, then they have to be eligible. Am I misunderstanding the way it operates? No, you're correct about when eligibility is determining. And because of that, we are saying that all they have is a place in the list and a place in the list is not a constitutionally protected property interest. Because they don't have an expectation, you're not guaranteed the benefit by being on that list. And I think the cases they cite suggest that. I think there's one case in particular about public funding, like government funding. The state argued that because there wasn't federal funding, that people wouldn't get the benefit. But they determined that even though it was contingent on the federal benefit, if the federal money was coming in, everybody in the list and order would have gotten the benefit. That's not the case for people who have signed up to become an applicant for Mitchell-Lama housing. I think they don't have a unilateral expectation of the benefit. So I think that might be an easier way of the case. I don't know. But we do rest on all of our arguments. And then also what I touched on before, that I don't think that the claim that the city has to notify the applicants for the rules for the waiting list would survive the Matthews v. Aldrich balancing test. If your honors have no further questions, we ask that you affirm. Thank you. Ms. Fish. The due process issues and the property interest, those weren't discussed initially, so I want to go over that very briefly. With respect to the property interest, this Court expressly held that applicants for social welfare benefits have a property interest in the receipt of those benefits, and therefore they're entitled to procedural due process during the application process. They don't have to prove that they're eligible at the time they're applying. As your honor indicated, once they get to the list, to the top of the list, and a unit is offered, that's when the eligibility criteria are examined to see if they qualify. However, this Court held in Naps Bay Wing, 2005, they're entitled to due process during that application period so that once they reach the top of the list, the state can properly determine whether the applicant at that time has a legitimate claim of entitlement. So I understand that generally there's a due process property interest in a benefit. What I'm struggling with is when the benefit is essentially being administered at the first level by private actors, you've suggested we might not need to address the question of whether the conduct of the housing companies is state action. But if it's not, then does procedural due process even protect the individuals for how those private entities manage their lists, or does procedural due process, unless they're Don't we have to find that they're acting as state actors in their conduct in managing the list before we can even say that there's a due process interest in how the list is  I think that it's important in this case to find state action. I don't think it's necessarily required, but I don't believe that state action is required in order to find a property interest, given that this is an application for social welfare benefits that's administered by a state entity, and as I indicated, this court held, they're entitled to due process during that application period. There's no unilateral expectation, like the city argues, to receive those benefits. The standard is, does the individual making the determination as to whether somebody's entitled, is their discretion meaningful, channeled, do they have to follow a list of criteria, and here the rules specifically dictate the eligibility criteria, income limits, family composition, residency, the individual making the determination as to whether they qualify, if they find that those criteria are met, they must offer the units. There is no discretion. There's no unilateral expectation. There's a legitimate claim of entitlement, which this court's precedent indicates is a property interest. I know my time is out again. I can answer any questions on the due process issue. I know I didn't have a chance to discuss that, if Your Honors. I think we're all set. Thank you very much. Well argued on both parts. We'll take this under advisement. Thank you. Appreciate your argument.